Ronald B. SLADON and Carol
A. Sladon, Appellants,

v.

Mark A. SHAWK; Thomas Phillip Zwierlein; Clark County, Kentucky; and Winchester–Clark County Planning Commission, Appellees.

No. 90–CA–0773–MR.

Court of Appeals of Kentucky.

April 12, 1991.

Discretionary Review Denied
by Supreme Court Oct. 16, 1991.

James B. Stewart, White, McCann & Stewart, Winchester, for appellants.

Dan M. Rose, Stoll, Keenon & Park, Lexington, for Mark A. Shawk and Thomas Phillip Zwierlein.

R. Michael Grant, Robert Rose, Winchester, for Clark County, Ky.

James W. Clay, Winchester, for Winchester–Clark County Planning Com'n.

Before LESTER, C.J., and HAYES and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from the judgment of the Clark Circuit Court dismissing the appellants' appeal of the Winchester–Clark County Planning Commission's approval of a subdivision plat. The issue in that appeal was whether the Clark Fiscal Court had the authority to adopt Clark County Fiscal Court Order No. 76–63. The circuit court found that it did.

This dispute involves a 9.5–acre tract of land lying within a district zoned agricultural. The appellee Mark A. Shawk presented a subdivision plat of the property dividing it into a 6.624, a .052, and a 1.823–acre lot. After reviewing the plat, the Planning Commission approved it on November 5, 1987. The appellee Thomas Phillip Zwierlein then purchased one of the three parcels, a 1.823–acre tract. The appellants contend that the Planning Commission erred in approving the subdivision of land into tracts of less than five acres for residential use in a district zoned agricultural.

The Planning Commission based its approval on Order No. 76–63 adopted by the Clark County Fiscal Court in 1976. This order amended the local zoning ordinance and subdivision regulations applicable to an agricultural zone to permit single family residential tracts of less than five acres in such a zone. It was based upon a legislative finding that "the current requirement that each division of agriculturally zoned land must result in five acres or more in each parcel constitutes a waste of agricultural land in that ... five acre tracts of land are more than necessary for a residence but ... not of sufficient size to lend itself to agricultural production."

The appellants argue that, to the extent this order sought to amend the local subdivision regulations, it was void because KRS 100.273 vests the adoption or amendment of subdivision regulations solely in the local planning commission. Furthermore, according to the appellants, neither the commission nor the fiscal court had the authority to permit residential use in a district zoned agricultural because of KRS 100.-111(2) which defines the term "agricultural use" to mean the "use of a tract of at least five (5) contiguous acres for the production of agricultural or horticultural crops...."

■ Aside from the fact that this definition of "agricultural use" did not appear in the statutes until 1986, the definition now found in KRS 100.111(2) has nothing to do with the kinds of uses which may be permitted within an area zoned agricultural. That statute explains what is meant by the term "agricultural use" as it is employed in

KRS Chapter 100 as, for example, when it is used in the definition of a "subdivision" at subsection (22) of the same statute.

 Inasmuch as the General Assembly has defined what a "subdivision" is, a local agency of government has no authority to alter that definition. *See Green v. Bourbon County Joint Planning Commission,* Ky., 637 S.W.2d 626, 628–29 (1982). If a division of land falls within the statutory definition of subdivision, then under KRS 100.277 the division must be approved by the local planning commission. The statutes, however, do not specify what the size of the lots within a subdivision must be, the particular zones into which a locality must be divided, or the use to which land may be put within a district zoned agricultural. The ultimate authority to establish various zones and the uses permitted within each of those zones is given to local governments to be exercised through zoning regulations. *See* KRS 100.-203, 100.207 and 100.211. Apparently, the Clark County zoning regulations as adopted by the fiscal court have always provided in sub-article 6.11 that a permitted use within the agricultural zone is "[s]ingle-family dwellings."

 We agree with the appellants that the adoption of subdivision regulations falls within the purview of the planning commission by virtue of KRS 100.273. However, in 1976, KRS 100.334(1) required that all such regulations "be submitted to each fiscal court and legislative body concerned for approval or rejection." Accepting arguendo that permitting the subdivision of tracts into parcels of less than five acres within an agricultural zone is somehow a matter of subdivision regulation rather than zoning regulation, the record nevertheless shows that before the fiscal court adopted Order No. 76–6, the Planning Commission held a public hearing "on the matter of reducing minor subdivision requirements from five acres to one acre and from 250' road frontage to 210' road frontage per lot," and recommended to the fiscal court "the amendment to the ordinance as proposed regarding the reduction in acreage for minor subdivision lots." Order No. 76–6 itself referred to that hearing and recommendation in its preamble and appears to have been adopted in conformity with the then-prevailing law.

The judgment of the trial court is affirmed.

All concur.